**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS**

Rodolfo Rodriguez,

      Plaintiff,

      v.

              and

The Little Shack, Inc. and
Nelly Bordier
          Defendants.

Case No. __3:21-cv-295__

PLAINTIFF DEMANDS
TRIAL BY JURY

## COMPLAINT

Plaintiff, Rodolfo Rodriguez ("Plaintiff"), by and through their attorneys, James M. Dore, complain against The Little Shack, Inc. ("Defendant" or "Little Shack") and Nelly Bordier ("Defendant" or "Bordier"). Little Shack and Bordier may collectively be referred to as "Defendants". In support of this Complaint, Plaintiff states:

### Introduction

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as any related state law claims, for Defendants' failure to pay overtime wages owed.

### Parties

2. Plaintiff is a resident of El Paso, Texas; and he was employed by Little Shack and Bordier.

3. Little Shack is a business that is located, headquartered, and conducts business in El Paso, Texas.

4. Bordier is the owner and President Of Little Shack, and they are in charge of its employees. On information and belief, Bordier is a resident of El Paso, Texas.

5.     Defendants are "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because they have annual gross volume of sales made or business done of at least $500,000; and because they are engaged in interstate commerce or in the production of goods for interstate commerce.

## Jurisdiction And Venue

6.     The Court possesses subject matter jurisdiction over the FLSA claim(s) pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337; and supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367.

7.     Venue is proper in the Western District of Texas because all underlying facts and transactions occurred in or about El Paso, Texas.

## Facts Common To All Claims

8.     Little Shack is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately owned for-profit entity.

9.     Bordier is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) they were Plaintiff's head "boss" at Little Shack; (2) they had the power to hire and fire the employees, including Plaintiff; (3) they supervised and controlled Plaintiff's work schedules and conditions of employment; (4) they determined the rate and method of payment for employees; and (5) they maintained employment records.

## COUNT I: VIOLATION OF THE FLSA

10.     Plaintiff reincorporates by reference Paragraphs 1 through 9, as if set forth in full herein for Paragraph 10.

11.     Plaintiff began working at Little Shack in or before 2016.

12.     At all times, Plaintiff held the same position at **Little Shack**, they were a cook.  Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform cooking and food preparation, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

13.     Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 62.5 hours per week.

14.     Plaintiff was paid their wages on a(n) hourly basis.

15.     Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

16.     Plaintiff's rate of pay was $8 per hour from November 2018 through the middle of 2019, and then his pay increased to $9.50 per hour until the end of his employment in March 2020.

17.     Throughout the course of Plaintiff's employment with Defendants Defendants regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

18.     Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

19.     On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

20.     Plaintiff is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit.  On information and belief, this amount includes: (i) $3099.38 in unpaid overtime wages; (ii) liquidated damages of $3099.38; and (iii) Plaintiff's attorney's fees and costs, to be determined.  A calculation of Plaintiff's damages are attached as Exhibit A.

WHEREFORE, Plaintiff Rodolfo Rodriguez respectfully requests that the Court enter a judgment in their favor and against Defendants Little Shack and Bordier jointly and severally, for:

A.     The amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $3099.38;

B.     An award liquidated damages in an amount equal to at least $3099.38;

C.     A declaration that Defendants violated the FLSA;

D.     An award reasonable attorneys' fees and costs; and

E.     Any such additional or alternative relief as this Court deems just and proper.


Rodolfo Rodriguez


/s/James M. Dore
By Their Attorney

James M. Dore
Justicia Laboral LLC
6232 N. Pulaski, #300
Chicago, IL 60646
Phone: 773-942-9415 x 105
jdore@justicialaboral.com


**PLAINTIFFS DEMAND TRIAL BY JURY**